# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAITHIELE ROBINSON,<br><br>    Defendant. | Case No. CR-20-084-RAW |

## **ORDER**

Before the court is the Defendant's motion to reconsider the court's rejection of the Report and Recommendation that the Defendant's arrest was without probable cause [Docket No. 115]. The defense submits a scathing brief, complaining in part about a docketing delay and ultimately accusing the court of making its determination "without a single point of analysis." The court first notes that defense counsel's obvious lack of respect for this court does not influence its ruling.

As the court noted in its December 9, 2021 Order, the Magistrate Judge determined that at the time of the arrest, the officers were aware *only* that: (1) the Defendant had been in the area at the time of the homicide, and (2) the Defendant was involved in a feud with Mr. Parker. As stated in the R&R, "[t]hese *two facts* specific to the Defendant are insufficient to establish probable cause." *R&R*, Docket No. 76, at 20 (emphasis added). While other facts were included in the R&R, they were not listed in addition to these two facts as having been considered in the probable cause determination.

The arresting officers were also aware that the victim's cell phone had pinged and was therefore likely in the same area where they found the Defendant and Ms. Wright in a dark, apparently uninhabited (it appeared to have no utilities) trailer on her parents' property. Considering all of these facts, a reasonable officer would have believed that probable cause existed to arrest the Defendant. *United States v. Valenzuela*, 365 F.3d 892, 896-897 (10th Cir. 2004). Moreover, given that the officers also knew that the firearm used to kill the victim was missing and therefore possibly in the possession of their suspects, Defendant and Ms. Wright, Docket No. 91, at 50-52, handcuffing them swiftly was also reasonable to protect the officers' safety. *Novitsky v. City of Aurora,* 491 F.3d 1244, 1254 (10th Cir. 2007).

Based upon the totality of the circumstances, including all of the information known to the arresting officers at the time of the arrest, the court again concludes that the officers had probable cause to arrest the Defendant. *Illinois v. Gates*, 462 U.S. 213, 234-38 (1983). The Defendant's statements made after his arrest will not be suppressed. The Defendant's motion [Docket No. 115] is granted only insofar as the court has reconsidered its ruling. It is, in all other respects, denied.

**IT IS SO ORDERED** this 7th day of February, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**