IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-20-084-RAW |
| | ) |
| RAITHIELE ROBINSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This case came on for pretrial conference on April 14, 2022. Defendant is charged with murder, attempted robbery, and conspiracy. The government (with leave of court) had filed a motion to admit evidence pursuant to Rule 404(b) F.R.Evid. past the motion deadline. Defense counsel announced they were prepared to respond orally and did so. For the reasons stated at the hearing, the motion was granted. The government may present evidence as to the five categories listed in the motion.

Rule 404(b) is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose (i.e., propensity) or is unduly prejudicial. *See United States v. Reynoso,* 861 Fed.Appx. 204, 208 (10th Cir.2021). The court must consider (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) a limiting instruction if the defendant so requests. *Huddleston v. United States,* 485 U.S. 681, 691 (1988).

Rule 404(b) applies only to evidence of acts extrinsic to the charged crime. *United*

*States v. Irving,* 665 F.3d 1184, 1212 (10th Cir.2011). An uncharged act is admissible as *res gestae* – intrinsic evidence not subject to Rule 404(b) – if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act. *United States v. Ford,* 613 F.3d 1263, 1267 (10th Cir.2010). Such intrinsic evidence is still subject to the balancing test of Rule 403. Evidence may also be admissible when it completes the story of the charged crime by proving its immediate context. *See United States v. Kimball,* 73 F.3d 269, 272 (10th Cir.1995).

The motion sets forth the following categories: (1) defendant's prior use, distribution, and purchase of illegal controlled substances; (2) testimony that the defendant had previously been robbed by the victim during an arranged drug deal; (3) testimony that the defendant retaliated against the victim at the One Fire Casino on November 21, 2016, by breaking the windows and slashing all four tires of the victim's car and stealing items from the vehicle; (4) testimony from co-defendant who has pled guilty that the defendant had given methamphetamine and money to purchase the rifle used in the murder, and that the defendant shortened the barrel of the weapon in the month leading up to the murder; (5) testimony of witnesses to using and purchasing methamphetamine from the defendant, and context as to the witnesses's history and relationship with defendant.

The court ruled evidence as to all five categories admissible. Category (1) provides context. Category (2) is intrinsic and goes to motive. Category (3) is intrinsic and goes to

motive, intent, and plan.  Category (4) is intrinsic and goes to preparation and plan.  Category (5) is intrinsic and provides context.

It is the order of the court that the motion of the government (#129) is hereby granted as stated above.

**ORDERED THIS 18th  DAY OF APRIL, 2022.**

*/s/ Ronald A. White*

Ronald A. White
United States District Judge
Eastern District of Oklahoma